UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

JAMES LANEAL LEE, III,                                    Case No. 3:25-cv-00983-AB

            Petitioner,                                          OPINION & ORDER

    v.

FEDERAL CORRECTIONAL
INSTITUTION SHERIDAN
ACTING WARDEN JOSE NUNEZ,

            Respondent.

## INTRODUCTION

Petitioner James LaNeal Lee, III, ("Petitioner") brings this federal habeas corpus case

pursuant to 28 U.S.C. § 2241. Petitioner alleges that the Federal Bureau of Prisons ("BOP")

impermissibly denied him early release eligibility under 18 U.S.C. § 3621(e) upon completion of

the Residential Drug Abuse Program ("RDAP"). *See generally*, Pet. (ECF No. 1). For the reasons

that follow, the Petition is dismissed.

## BACKGROUND

On November 7, 2013, Petitioner was convicted and sentenced to 57 months imprisonment

for violating 18 U.S.C. §§ 922(g)(1) and 924(a)(2), Felon in Possession of a Firearm. *See* Decl. of

Oscar Trinidad ("Trinidad Decl.") at 2 (ECF No. 9); Ex. A at 2 (ECF No. 9-1). Petitioner's

projected release date from BOP custody is August 5, 2026. Trinidad Decl. at 3; Ex. A at 3.

While incarcerated, Petitioner participated in an RDAP. Pet. at 7. In his Petition, Petitioner

challenges the BOP's decision to deny him early release after he successfully completed RDAP.

More specifically, Petitioner argues that the BOP's regulation excluding those with convictions

under 18 U.S.C. § 922(g)(1) from early release eligibility is unlawful, exceeds the BOP's statutory

authority, and violates separation of powers. *See generally*, Pet. Respondent argues that the Court

must dismiss the Petition for lack of subject matter jurisdiction. Resp. at 3-4 (ECF No. 8). In the

alternative, Respondent argues the Court should deny the Petition for failure to state a cognizable

habeas corpus claim and because Petitioner's argument lacks merit. *Id*. at 5-7. Although

Petitioner's supplemental pleadings, including additional papers, legal arguments or legal

authorities in support of the Petition, were due on November 17, 2025, he has not filed any such

pleadings.

## LEGAL STANDARDS

Under 28 U.S.C. § 2241, a district court may grant habeas relief when a petitioner "is in

custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.

§ 2241(c)(3). "A necessary predicate for the granting of federal habeas relief [to a petitioner] is a

determination by the federal court that [his] custody violates the Constitution, laws, or treaties of

the United States." *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

## DISCUSSION

RDAP is an intensive drug treatment program for federal inmates with documented

substance abuse problems. 28 C.F.R. § 550.56. Successful completion of RDAP can result in up

to a one-year reduction in a prisoner's sentence. 18 U.S.C. § 3621(e)(2)(B) ("The period a prisoner

convicted of a nonviolent offense remains in custody after successfully completing a treatment program *may* be reduced by the [BOP]") (emphasis added). The BOP has discretion to determine whether an inmate is eligible for RDAP early release credit, and federal courts lack jurisdiction to review such determinations. *See Lopez v. Davis*, 531 U.S. 230, 240-41 (2001); *Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011) ("any substantive decision by the BOP to admit a particular prisoner into RDAP, or to grant or deny a sentence reduction for completion of the program, is not reviewable by the district court.").

Here, Petitioner's current conviction (1) involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives under 28 C.F.R. § 550.55(b)(5)(ii), and (2) by its nature or conduct, presented a serious potential risk of physical force against the person or property of another under 28 C.F.R. § 550.55(b)(5)(iii). Trinidad Decl. at 5; Ex. B (ECF No. 9-2). The plain language of the statute specifies that "[i]nmates who have a current felony conviction for . . . [a]n offense that involved the carrying, possession, or use of a firearm" are not eligible for early release. 28 C.F.R. § 550.55(b)(5)(ii). Thus, the BOP found Petitioner ineligible for early release. Trinidad Decl. at 5; Ex. B.

The BOP's decision to deny Petitioner early release eligibility is a substantive decision pursuant to 18 U.S.C. § 3621(e), and thus not reviewable by this Court. *Reeb*, 636 F.3d at 1228 ("federal courts lack jurisdiction to review the BOP's individualized RDAP determinations made pursuant to 18 U.S.C. § 3621."). Therefore, the Court must dismiss the Petition for lack of subject matter jurisdiction.

3    - OPINION AND ORDER

**CONCLUSION**

For the reasons identified above, the Petition for Writ of Habeas Corpus (ECF No. 1) is

dismissed with prejudice.


02/02/2026
DATE

*Amy M. Baggio*
Amy M. Baggio
United States District Judge

4    - OPINION AND ORDER